## Case No. 15,195.

### UNITED STATES v. GEAR.

[3 McLean. 571.] [1]

Circuit Court. D. Illinois.   June Term, 18-7.

TRESPASS—ORE LANDS—PERMIT—RENT RECEIPT.

1. A permit to enter on lands containing lead ore. may be shown in an action of trespass by the United States. not as a justification. but to show the nature and object of the entry.

2. A final receipt by an officer of the government. authorised to act in the premises, for rent. is a full discharge, being subsequent to the trespass alleged. although the officer may never have accounted for the money received.

At law.

Mr. Gregg, U. S. Dist. Atty.
Hardin & Campbell, for defendant.

OPINION OF THE COURT.   This action was brought by the United States, for a trespass upon certain lands containing lead ore. The defendant [Hezekiah H. Gear] pleaded the general issue and notice, &c. [See 3 How. (44 U. S.) 120.] It was proved that defendant being in possession of certain mineral lands, had dug of lead ore about one hundred thousand pounds, which contained from sixty to seventy per cent. of pure lead. The mineral was worth from fifteen to eighteen dollars per thousand pounds.   The defendant offered in evidence a permit from an authorised officer of the government to enter upon the land. which was objected to, but the court admitted it as evidence. as it explained the nature and object of his entry. and showed that it was not tortious.   He also offered in evidence a receipt of John Flannigan. agent for the lead mines. for four hundred dollars, in full for rent of lead mines. dated in 1841, subsequent to the trespass laid in the declaration.   This receipt was objected to on the ground, that the

---

agent had never accounted for the money. but the court admitted it as evidence, and instructed the jury that unless there was fraud in obtaining the receipt, or a mistake, of which there was no evidence, that it was a full discharge. That the money having been paid by the defendant to the authorised agent of the government, the payment was good, though tne agent may never have accounted for it. Verdict, not guilty.